UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INARI MEDICAL, INC.,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>IMPERATIVE CARE, INC., et al.,<br><br>　　　　Defendants. | Case No.  24-cv-03117-EKL (SVK)<br><br>**ORDER RE INARI MEDICAL'S MOTION TO COMPEL PRODUCTION OF MATERIALS**<br><br>Re: Dkt. No. 94 |

　　　　Before the Court is the Parties' Joint Discovery Statement ("Joint Statement") pursuant to which Plaintiff Inari Medical, Inc. ("Plaintiff" or "Inari Medical") seeks to compel production of certain documents and an interrogatory response from Defendant Imperative Care, Inc. ("Defendant" or "Imperative Care").[1]  Dkt. 94.  In sum, Inari Medical seeks a vast array of information, including technical details, about Imperative Care's "blood return and filtration system" ("Disputed Device") purportedly developed for use with the accused mechanical thrombectomy system ("Accused Device").  *Id*.  Imperative Care objects that the discovery is irrelevant and not proportional to the needs of the litigation.  *Id*. at 6.  The Court has reviewed the Joint Statement, other relevant pleadings, the disputed requests and the relevant law and determines that this matter may be resolved without oral argument.  Civ. L.R. 7-1(b).

　　　　This dispute arises from Inari Medical's patent infringement suit against Imperative Care wherein the Accused Device is Symphony, Imperative Care's mechanical thrombectomy system. Both Parties acknowledge that the Disputed Device is not accused in the present suit and that none

---

[1] The Parties alter each other's name and reject the name assigned to them by the opposing party. This contrived inconsistency in naming protocols renders the Joint Statement unnecessarily confusing.  Such gamesmanship stops now.

of the asserted claims are directed to a blood return/filtration system.[2]  Dkt. 94 at 1, 6.

Against this backdrop, Inari Medical makes three arguments as to why the disputed requests are relevant: 1) Imperative Care's public interest argument in opposition to the pending motion for preliminary injunction; 2) Inari Medical's potential damages in the present action; and 3) the litigation efficiency of adding an accused device, new patents and new claims into the present suit.  Dkt. 94 at 4.  The Court finds only limited merit in Inari Medical's arguments, therefore the motion is **GRANTED IN PART AND DENIED IN PART** for the following reasons.

### A. Imperative Care's Public Interest Argument Does Not Open the Door to Discovery Regarding the Disputed Device.

Inari Medical points out that in opposition to its pending motion for preliminary injunction, Imperative Care argues that it has improved upon Inari Medical's devices.  Dkt. 94 at 2. One of the improvements cited by Imperative Care is that Symphony reduces blood loss.  *Id*.  Therefore, Imperative Care argues, it is in the public interest to deny the injunction.  *Id*.  The Parties agree that the alleged improvement in Symphony is that it reduces blood loss and that blood *loss* is an issue in the pending motion.  *Id.* at 4, 10.  Imperative Care further represents that it "has agreed to produce documents and information" about this feature of the Accused Device.  Dkt. 94 at 10.

The Parties disagree, however, about the significance of blood *return*, which is a function of the Disputed Device.  Inari Medical asserts that if there is an improvement of reduced blood *loss*, then there should be no need for a blood *return* system.  *Id.* at 4.  Therefore, Inari Medical continues, it should be able to explore the Disputed Device, a blood *return* system, as a means of challenging Imperative Care's purported improvement in the form of a reduction of blood *loss*.  *Id.*  Imperative Care argues that Inari Medical is conflating blood *loss* and blood *return* to create the relevance link it needs for discovery into the Disputed Device.  Dkt. 10.  Imperative Care asserts that the Disputed Device is under development and as such "has never been used with Symphony" and that its "developmental blood return system is not part of Symphony."  *Id.*  (emphasis

---

[2] Inari Medical states that there are unasserted claims in a patent in suit "requiring blood return." Dkt. 1.  This fact, even if true, does not change the Court's analysis herein.

omitted). Dkt. 94 at 10.[3]

The Court is not persuaded by Inari Medical's argument that it is entitled to discovery of the Disputed Device because of Imperative Care's public interest argument asserted against the preliminary injunction. An issue arising under that motion is whether Imperative Care can demonstrate that Symphony offers an improvement, in the form of reduced blood loss, over Inari Medical's system such that an injunction would be against the public interest. Imperative Care either can demonstrate the improvement or it cannot. Whether it is also developing a blood return system presents, at best, an extremely tenuous connection to any alleged improvement in the existent Accused Device, Symphony.

### B. Inari Medical is Entitled to Limited Discovery in Support of Its Damages Theories.

Inari Medical's second argument is that it needs wide-ranging discovery of the Disputed Device, much of which is directed to technical features and specifications, because the Disputed Device may be relevant to its damages claims in the present action. Dkt. 94 at 4. More specifically, Inari Medical suggests that sales of the Disputed Device, even if itself is non-infringing, may impact either a lost profits or reasonable royalty analysis as to the Accused Device. *Id.* at 4. Assuming, *in arguendo*, that Inari Medical's damages theories would properly reach the Disputed Device, the only relevant information would be financial, rather than technical, in nature. To that end, only Request for Production no. 76, limited to sales data related to the Disputed Device, is relevant and proportional to the needs of the case. Accordingly, Imperative Care is to produce responsive sales data of its blood return system as it becomes available during the course of the present litigation.

### C. Litigation Efficiency is Not Furthered by Discovery Directed to Infringement by the Disputed Device.

It is apparent to the Court that it is Inari Medical's third argument that reflects its primary objective in propounding the subject discovery: Gathering sufficient technical data about the Disputed Device so that it may move to amend to add the Disputed Device, along with new

---

[3] Although the Parties' dispute whether the Disputed Device may be the object of infringement claims at its present stage of development (an argument which the Court need not reach), Inari Medical does not contest that the Disputed Device is in some stage of development.

3

patents and additional claims, to the present action. Dkt. 94 at 1 ("[I]t makes no sense that Inari [Medical]would have to wait to do so (and to assert claims from *other patents* specifically directed to blood return) for a separate case…." (emphasis supplied)). However, much of Inari Medical's portion of the Joint Statement reflects a speculative discussion of infringement by the Disputed Device. Dkt. 94 at 1-6 (*e.g.*, "[Imperative Care's] blood return system seems to be designed to compete with Inari [Medical's] . . . raising Inari [Medical's] suspicions that it likely is a copy of Inari [Medical's]."). From this discussion, Inari Medical argues that any potential claims relating to blood return should be litigated in the present action "for efficiency." Dkt. 94 at 6. In sum, Inari Medical seeks discovery in this action to assert infringement claims against product where neither the relevant patents nor product are yet in suit. Efficiency requires a tether between the claims and defenses in suit and propounded requests. Fed. Rule. Civ. Proc. 26(b)(1) Advisory Committee Note (2000) ("The Committee intends that the parties and the court focus on actual claims and defenses involved in the action."). Here, with no claims in suit directed to blood return, Inari Medical propounds requests as a net in hopes of capturing additional causes of action, which, in the present posture of the case, would be inefficient.

    For the foregoing reasons, the Inari Medical's request to compel production of documents related to the Disputed Device is **DENIED** except as specifically **GRANTED** in section B.

        **SO ORDERED.**

Dated: April 17, 2025

SUSAN VAN KEULEN
United States Magistrate Judge

4